UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Michelle A. Nichols, | ) | |
|     individually and on behalf of those similarly situated, | ) ) ) ) | |
|         Plaintiff, | ) ) | |
| v. | ) ) | No.   4:13-cv-735 |
| Judy Cresswell Moyers, Washington County Recorder of Deeds, in her official capacity, | ) ) ) ) | |
|         Defendant. | ) | |

**CLASS-ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND INDIVIDUAL COMPLAINT FOR DAMAGES**

*Introduction*

1.  This is a civil rights action filed by Michelle A. Nichols. In this action, Plaintiff seeks damages pursuant to 42 U.S.C. § 1983. In addition, she seeks declaratory and prospective relief on her own behalf and on behalf of a class of similarly situated individuals. Plaintiff asserts that Defendant, the Recorder of Deeds for Washington County, Missouri, has adopted and is enforcing a policy or custom that infringes upon her fundamental right to marry, in violation of rights guaranteed by the United States Constitution, by preventing her from marrying her fiancé, an inmate currently incarcerated at Potosi Correctional Center. Plaintiff seeks a determination, pursuant to § 1983, that MO. REV. STAT. § 451.040.2, which requires that marriage license applications be signed "in the presence of the recorder of deeds or their [*sic*] deputy[,]" is unconstitutional as applied in instances where one, or both, applicants is incarcerated.

*Jurisdiction and Venue*

2.  This action arises under the Constitution of the United States and the provisions

1

of 42 U.S.C. § 1983.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a), and pursuant to 42 U.S.C. § 1983.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant resides in Washington County and a substantial part of the events or omissions giving rise to the claims occurred in Washington County.

4. Venue is proper in the Eastern Division pursuant to E.D.Mo. L.R.  2.07 (A)(1) and (B)(1).

*Parties*

5. Plaintiff, Michelle A. Nichols, is a resident of Missouri.

6. Defendant, Judy Cresswell Moyers, is the Washington County Recorder of Deeds. She is sued in her official capacity only.

7. Defendant has acted, and continues to act, under color of state law at all times relevant to this Complaint.

*Facts*

8. Plaintiff is an unmarried woman over the age of eighteen years.

9. She is to marry to an inmate currently in the custody of the Missouri Department of Corrections at Potosi Correctional Center in Mineral Point, Missouri.

10. Plaintiff and her fiancé, Ulysses Deckard, have been a couple for ten years.

11. Deckard is an unmarried man over the age of eighteen years.

12. Plaintiff and Deckard are not related.

13. Plaintiff and Deckard were engaged to be married in 2011, when Deckard was incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri, and planned a marriage for early 2012.

14. In early 2012, before a license could be issued and the marriage could be solemnized, Deckard was transferred to the Potosi Correctional Center.

15. Missouri law criminalizes the solemnization of any marriage unless a marriage license has been issued. MO. REV. STAT. § 451.120.

16. Marriages allegedly solemnized without a marriage license are not recognized in Missouri. MO. REV. STAT. § 451.040.

17. Missouri statutes require both applicants for a marriage license to sign the application "in the presence of the recorder of deeds or their deputy." MO. REV. STAT. §451.040.2.

18. After Deckard's arrival at Potosi Correctional Center, Plaintiff learned that there have been no marriages involving inmates at the facility for about three years because the Washington County Recorder of Deeds stopped coming to the prison to witness marriage license applications.

19. Upon information and belief, there are currently approximately twenty-five women who, like Plaintiff, are unable to marry their fiancés at the Potosi Correctional Center because they are unable to secure a marriage license.

20. The Washington County Recorder of Deeds' office is less than three miles from the Potosi Correctional Center.

21. Beginning in or about 2010, Defendant stopped going to Potosi Correctional Center to allow incarcerated individual to sign a marriage application in her presence.

22. As of April 17, 2013, Defendant persists in refusing to go to Potosi Correctional Center.

23. As of April 17, 2013, Defendant refuses to accept any affidavit or other documentation in lieu of the in-person presence of an individual who cannot appear at her office because he is incarcerated.

24. As a result, Deckard cannot sign a marriage application in Defendant's presence, Defendant will not issue a marriage license, and Plaintiff's marriage to Deckard cannot be solemnized.

25. The conduct of Defendant complained of above constitutes unreasonable and unconstitutional interference with and infringement upon Plaintiff's exercise of rights guaranteed by the United States Constitution.

26. But for the conduct of Defendant, Plaintiff would have been married in early 2012 and would now be married to Deckard.

27. As a proximate result of Defendant's actions complained of above, including, but not limited to, Defendant's policies, customs, practices, and actions denying or impeding Plaintiff's fundamental right to marry, Plaintiff suffered significant emotional distress, the loss of the benefits of marriage, and other damages.

28. On April 16, 2013, Plaintiff's counsel spoke to Defendant, who asserted that she would not issue a marriage license unless both parties appeared in her presence, would not go to Potosi Correctional Center, and would not accept an affidavit or other documentation in lieu of the in-person presence requirement for an individual who cannot appear because he is incarcerated.

29. There are no alternative avenues for Plaintiff to exercise her right to marry without accommodations of that right by Defendant—by either traveling to Potosi Correctional Center or accepting an affidavit or other documentation in lieu of in-person presence—because

Plaintiff's fiancé is in the continued custody of the Missouri Department of Corrections and is not at liberty to leave that custody to apply for a marriage license in person.

### COUNT I
*Violation of Civil Rights - 42 U.S.C. §1983*
*Right to Marry*
*Claim for Declaratory and Injunctive Relief on Behalf of Plaintiff and Putative Class*
*Against Defendant in her Official Capacity*

30. Plaintiff incorporates herein by reference the allegations made in foregoing paragraphs as if each were set forth here verbatim.

31. The named Plaintiff is a member of a Class of current and future unmarried individuals who desire to marry inmates incarcerated at Potosi Correctional Center.

32. Upon information and belief, there are approximately twenty-five current members of the putative Class and an unknowable number of future members.

33. There are questions of law and fact that are common to the Class, including, but not limited to the legal question of whether Defendant's policies, customs, and practices impermissibly infringe the Class members' fundamental right to marry in violation of the rights guaranteed by the United States Constitution.

34. The claim of the named Plaintiff—that the statutory requirement that marriage licenses be signed "in the presence of the recorder of deeds or their deputy" is unconstitutional as applied to situations where one or both applicants for a marriage license is incarcerated and the Defendant must accommodate the fundamental right to marry by travelling to Potosi Correctional Center or by accepting alternative documentation in lieu of in-person presence—is typical of the claims of the Class.

35. As an unmarried individual engaged to an inmate incarcerated at Potosi Correctional Center, the named Plaintiff will fairly and adequately protect the interests of the Class.

36. Defendant adopted and enforced policies, customs, and practices that are generally applicable to the Class, thereby making it appropriate for this court to grant injunctive and any corresponding declaratory relief to the Class as a whole.

37. Defendant's policies, customs, practices, prevent Plaintiff and each member of the putative class from marrying her respective inmate-fiancé.

38. The right to marry is a fundamental right protected by the United States Constitution that cannot be denied because of the incarceration of one partner to the marriage.

39. The acts described above violate the right to marry of the named Plaintiff and each member of the putative class under the United States Constitution and unless enjoined will continue to irreparably harm each member of the putative class.

40. MO. REV. STAT. § 451.040.2 requires that marriage license applications be signed "in the presence of the recorder of deeds or their [*sic*] deputy."

41. The statutory requirement that a marriage license not be issued unless it is signed in the presence of a recorder of deeds or his or her deputy is unconstitutional as applied in instances where one, or both, applicants for a marriage license is incarcerated.

42. On March 21, 2013, the United States District Court for the Western District of Missouri "declare[d] the requirement of Section 451.040.2 RSMo that marriage licenses be signed 'in the presence of the recorder of deeds or their deputy' to be unconstitutional as applied to situations where one or both applicants for a marriage license is incarcerated." *Fuller v. Norman*, 2:12-CV-4300-FJG, 2013 WL 1397823, *1 (W.D. Mo. Mar. 21, 2013).

6

WHEREFORE, Plaintiff requests relief as follows:

A. Certify a Class of current and future unmarried individuals who desire to marry inmates incarcerated at Potosi Correctional Center;

B. Enter a declaration, pursuant to 42 U.S.C. § 1983, that MO. REV. STAT. § 451.040.2 is unconstitutional as-applied to Plaintiff, the putative class, and to instances where one, or both, applicants for a marriage license is incarcerated;

C. Enter preliminary and permanent injunctions requiring Defendant and her officers, agents, servants, and employees, to issue a marriage license to Plaintiff and other members of the putative class without requiring an incarcerated individual to appear before her or her deputy upon receiving such alternate assurance of identity of the applicant as this Court deems appropriate, or, in the alternate, requiring Defendant to travel to Potosi Correctional Center, or send a deputy, for the purpose of witnessing marriage license applications;

D. Award Plaintiff's costs, including reasonable attorneys' fees under 42 U.S.C. § 1988, and under other applicable law; and

E. Allow such other and further relief for Plaintiff and the putative class as the Court deems just and equitable.

### COUNT II
*Violation of Civil Rights - 42 U.S.C. §1983 - Plaintiff's Right to Marry*
*Individual Claim Against Defendant in her Official Capacity*

43. Plaintiff incorporates herein by reference the allegations made in ¶¶ 1 - 29 as if each were set forth here verbatim.

7

44. The policies and customs of Washington County have caused Plaintiff harm, including emotional distress and the loss of the benefits of marriage.

WHEREFORE, Plaintiff requests relief as follows:

A. Enter a judgment in favor of Plaintiff against Defendant, in her official capacity, pursuant to 42 U.S.C. § 1983;

B. Award Plaintiff compensatory damages for the violation of her constitutional rights under the color of state law;

C. Award Plaintiff's costs and reasonable attorneys' fees; and

D. Allow such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827
GRANT R. DOTY, #60788
AMERICAN CIVIL LIBERTIES UNION OF
EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
PHONE: (314) 652-3114
FAX: (314) 652-3112
tony@aclu-em.org
grant@aclu-em.org

ATTORNEYS FOR PLAINTIFF

## Verification

I have studied the allegations of the Verified Complaint and, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

/s/ Michelle A. Nichols
Michelle A. Nichols
