UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE A. NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV735 CDP |
| | ) |
| JUDY CRESSWELL MOYERS, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Michelle Nichols brought this case against defendant Judy Cresswell Moyers, the Recorder of Deeds for Washington County, Missouri, for violating Nichols' fundamental right to marry. Nichols claims that Mo. Rev. Stat. § 451.040.2, requiring each applicant for a marriage license to sign the application "in the presence of the recorder of deeds or their deputy," is unconstitutional as applied to instances where one or both applicants for a marriage license is incarcerated.

The case is now before me on the parties' joint motion for judgment on the pleadings as to count 1 of Nichols first amended complaint, seeking declaratory and injunctive relief. The parties have agreed that I can consider Nichols' request for permanent injunctive relief on the merits, that I can decide the issue solely on the pleadings, and that no hearing is necessary in this matter. After reviewing the

pleadings and the joint motion, I agree that the material facts are admitted in the pleadings and so the issue now before me is one of law.  For the reasons that follow, I will grant the joint motion for judgment on the pleadings.  The parties' joint motion, and this opinion, deal only with count 1 for declaratory and injunctive relief, and do not resolve the § 1983 claim.

## Facts

Plaintiff Michelle Nichols is engaged to marry Ulysses Deckard, an inmate in the custody of the Missouri Department of Corrections at Potosi Correctional Center in Mineral Point, Missouri.  Nichols is unable to marry Deckard because Deckard is incarcerated and defendant Moyers, the Washington County Recorder of Deeds, refuses to go to the Potosi Correctional facility for the purpose of witnessing a marriage license application.  Moyers also refuses to accept an affidavit or any other documentation by Deckard in lieu of the requirement that he be physically present to submit the application.

## Discussion

Missouri law requires persons seeking a marriage license to sign an application in the presence of the recorder of deeds.  Mo. Rev. Stat. § 451.040.2.  Section 451.120 makes the solemnization of any marriage in which the parties have not obtained a marriage license "as provided by this chapter" a misdemeanor.  Section 451.120 also subjects a recorder of deeds who issues a marriage license

"contrary to the provisions of this chapter" to criminal penalties.  Marriages solemnized without a license are not recognized as valid.  Mo. Rev. Stat. § 451.040.1.

This same issue was recently decided by Judge Fernando J. Gaitan, Jr., in the Western District of Missouri, and I agree with Judge Gaitan's conclusion that Mo. Rev. Stat. 451.040.2 is unconstitutional as applied to incarcerated persons.  *See Fuller v. Norman*, No. 2:12CV4300 FJG, 2013 WL 1397823 (W.D. Mo. Mar. 21, 2013).  Nichols' fundamental right to marry is protected by the due process clause of the Fourteenth Amendment.  *Zablocki v. Redhail,* 434 U.S. 374, 383 (1978).  Nichols has a constitutional right to marry her incarcerated fiancé.

The statutory requirement that both fiancés execute and sign a marriage license in the presence of the recorder of deeds or their deputy significantly interferes with Nichols' exercise of her fundamental right to marry her incarcerated fiancé.  A statutory classification that significantly interferes with the exercise of a fundamental right cannot be upheld "unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests." *Zablocki,* 434 U.S. at 388.  The state has not advanced any interest sufficiently important to obligate incarcerated individuals who are engaged to be married to execute and sign a marriage license application in the presence of the recorder of deeds or deputy.  The recorder of deeds could verify the identity of an incarcerated

marriage license applicant through various means without requiring that applicant to sign the marriage license application in the recorder's physical presence. *See Buck v. Stankovic,* 485 F. Supp. 2d 576, 585 (M.D. Pa. 2007). The "in presence" requirement of Section 451.040.2 is not closely tailored to solely effectuate a sufficiently important state interest as applied to incarcerated persons applying for marriage licenses. *See Fuller*, 2013 WL 1397823 at *2.

I further find that Nichols is entitled to the permanent injunctive relief she seeks from Defendant Moyers, because the requirement of Section 451.040.2 that marriage licenses be signed "in the presence of the recorder of deeds or their deputy" is unconstitutional as applied to situations where one or both applicants for a marriage license is incarcerated. Thus, Nichols has attained success on the merits of that claim as required to obtain a permanent injunction. *See Bank One, Utah v. Guttau,* 190 F.3d 844, 847 (8th Cir. 1999). Nichols' ongoing inability to exercise her fundamental right to marry shows that she is threatened with irreparable harm in the absence of injunctive relief. I find that the balance of harms favors Nichols. Finally, the Eighth Circuit has made clear that "it is always in the public interest to protect constitutional rights." *Phelps–Roper v. Nixon,* 545 F.3d 685, 690 (8th Cir. 2008). Accordingly, the issuance of a permanent injunction would serve the public interest.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion for judgment on the pleadings [#22] is granted, and plaintiff is entitled to declaratory and permanent injunctive relief as requested by count 1 of her first amended complaint.

**IT IS FURTHER ORDERED** that Defendant Moyers, her successors in office, and their officers, agents, servants, and employees are hereby permanently enjoined from requiring individuals incarcerated in institutions operated by the Missouri Department of Corrections located in Washington County, or who are incarcerated in any city or county jail located in Washington County, to execute or sign marriage license applications in the presence of the Washington County recorder of deeds or any deputy of that official.

**IT IS FURTHER ORDERED** that upon reasonable written proof as to the authenticity of the signature of an incarcerated applicant on a marriage license application, upon reasonable proof of the fact that one or both of the marriage license applicants is incarcerated at the time the application is completed, and upon receipt of all fees and other documents required for the issuance of a marriage license under the laws of the State of Missouri, Defendant Moyers, her successors in office, and their deputies, officers, agents, servants, and employees are hereby required to issue marriage licenses to any such individual without requiring any such incarcerated applicant to execute or sign a marriage license application in the

presence of the Recorder of Deeds for the County of Washington, State of Missouri or any deputy of that official.

**IT IS FURTHER ORDERED** that the requirement of "reasonable written proof" of the applicant's signature and of the applicant's incarcerated status shall be deemed to have been met by presenting the following to Defendant Moyers, her successors in office, and their deputies, officers, agents, servants, and employees at the office of the Recorder of Deeds for the County of Washington, State of Missouri:  an affidavit or sworn statement (a) identifying the names of both applicants for the marriage license; (b) signed by the incarcerated applicant stating in substantial part that the applicant is unable to appear in the presence of the Recorder of Deeds due to the applicant's incarceration, which shall be verified by the warden or warden's designee and acknowledged by a notary public commissioned by the State of Missouri at the time of verification; and (c) the completed and legible marriage license application of the incarcerated applicant. An applicant who is not incarcerated must sign the marriage license application in the presence of Defendant Moyers or her deputies.  The Plaintiff and Defendant Moyers have agreed that the incarcerated applicant will provide to the Washington County Recorder of Deeds office an "Affidavit of Absent Applicant," attached to this Order as Exhibit A, completed and executed by the incarcerated applicant

before a notary public and verified by the warden and/or warden's designee to fulfill the requirements of (a) and (b) described above.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2013.

STATE OF MISSOURI          )
                           ) s.
COUNTY OF _____   )

## AFFIDAVIT OF ABSENT APPLICANT

**[Please note that the names appearing below must match exactly the names shown on the attached Application/Report of Marriage.]**

_____ first being duly sworn on this _____ day of _____, 20____, on his/her oath states:

1. I am over the age of 18 years and have capacity to enter into a marriage contract.

2. I am the Intended (Check One ) ☐ Groom   ☐ Bride on the attached Application/Report of Marriage in which I have completed the information pertaining to my personal identification and in which I am making an application for a license to marry the following person:_____.

3. The marriage proposed in the attached Application/Report of Marriage is NOT a marriage between parent and child, between grandparent and grandchild of any degree, between brother and sister of the half or the whole blood, between uncle and niece, between aunt and nephew, or between first cousins.

4. The signature appearing upon the attached Application/Report of Marriage is my signature.

5. I have also attached a copy of one or more government issued identifications, which contains my photo.

6. I am unable to appear in the presence of the recorder of deeds for Washington County, Missouri, because I am currently incarcerated.

Signed:

_____

Subscribed and sworn to before me by _____, who personally appeared before me and is known to me to be the person described in and who executed the foregoing affidavit, and acknowledged that the facts set forth herein are true and correct to the best of his/her knowledge and information and that he/she executed the affidavit as his/her free act and deed.

In Witness Whereof, I have hereunto set my hand and affixed my official seal at my office this _____ day of _____, 20___.

_____
Notary Public

My Commission Expires:

**EXHIBIT A**

VERIFICATION BY WARDEN OR WARDEN'S DESIGNEE:  I hereby certify that I am the warden or warden's designee of the following Institution: _____
_____, and that the person making this Affidavit of Absent Applicant, (name of incarcerated person) _____, is currently incarcerated within the said Institution.  I also certify that the social security number listed by (name of incarcerated person) _____on the attached marriage license application is consistent with Department of Correction records.


Dated:_____          _____

                                                            Name Printed:_____

                                                            Title:_____